UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAMILLE LANDRY D/B/A DEEP　　　　　　CIVIL ACTION
SOUTH CRANE AND RIGGING
COMPANY　　　　　　　　　　　　　　　NUMBER 06-427-RET-SCR


VERSUS

AQUA-TERRA CONSTRUCTION AND
ENGINEERING SYSTEMS, INC.,
ET AL.


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from a attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 29, 2008.

　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAMILLE LANDRY, D/B/A DEEP        CIVIL ACTION
SOUTH CRANE AND RIGGING
COMPANY                           NUMBER 06-0427-RET-SCR

VERSUS

AQUA-TERRA CONSTRUCTION AND
ENGINEERING SYSTEMS, INC.,
ET AL.

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion for Summary Judgment filed by plaintiff Camille Landry, d/b/a Deep South Crane and Rigging Company. Record document number 45. The motion is opposed.[1] Also before the court is a Motion for Summary Judgment or, Alternatively, Motion for Partial Summary Judgment of Defendants filed by Aqua-Terra Construction and Engineering Systems, Inc. and Daniel Deslauriers. Record document number 49. This motion is also opposed.[2]

This case arises out of a contractual dispute involving the plaintiff's agreement to lease a crane to defendants Aqua-Terra Construction and Engineering Systems, Inc. and R & J Marine. Defendant Aqua-Terra entered into a lease agreement on September

---

[1] Record document number 54. Plaintiff filed a reply memorandum. Record document number 64.

[2] Record document number 55. Defendants filed a reply memorandum. Record document number 63.

15, 2005.  Pursuant to the agreement, the lessee would rent the crane "at an hourly rate of $350.00 per hour, portal to portal, with a ten (10) hour minimum Monday through Saturday[]."[3]  The contract provided for a rental minimum of 100 hours of crane time and a work period of 10 consecutive days.[4]  The agreement also contained the following guarantee clause:

> In order to extend credit to LESSEE, AQUA-TERRA ..., the undersigned (GUARANTOR), jointly and severally if there to more than one hereby, absolutely guarantees the full and prompt payment of any and every indebtedness, liability, or obligation (howsoever arising and of any nature whatsoever) incurred as a result of this agreement....  In the event of default at any time by LESSEE, Dan Deslauriers, as GUARANTOR, hereby agrees to pay such indebtedness liability or obligation forthwith and without prior demand.[5]

Although the agreement named both R & J Marine and Aqua-Terra as lessees, only Aqua-Terra's representative, Daniel A. Deslauriers, executed the lease.

On September 16, 2005, the plaintiff dispatched a crane to Oak Harbor, a work site in Slidell, Louisiana.  The crane remained at Oak Harbor until September 22, 2005.  The crane was subsequently transferred to other work sites in Biloxi, Mississippi and Venice, Louisiana at the direction of John Mutton, a representative of R & J Marine.  Plaintiff removed the crane from the Venice work site on

---

[3] Record document number 45, plaintiff's exhibit 1, Master Purchase Order Agreement, ¶ 1.

[4] *Id.*

[5] *Id.*, ¶ 16.

2

October 22, 2005.

Plaintiff claimed in his petition that defendants Aqua-Terra and Deslauriers are responsible for a payment of $155,767.80 for the rental of the crane during the dates of September 16, 2005 through October 22, 2005. Plaintiff acknowledged that Aqua-Terra has paid $30,640.00 and is seeking the outstanding balance of $125,127.80.

In support of his motion, the plaintiff argued that the rental agreement continued while the crane was being used at the Biloxi and Venice work sites. Plaintiff asserted that Aqua-Terra and R & J Marine were in a business activity together and that Mutton had the apparent authority of Aqua-Terra and Deslauriers to move and use the crane at other locations. Therefore, rental fees accrued under the lease agreement until the crane was repossessed on October 22, 2005. In the alternative, the plaintiff argued that Deslauriers signed his name as a guarantor for both lessees, R & J Marine and Aqua-Terra, and is therefore solidarily liable for the entire debt incurred.

In their opposition to the plaintiff's motion, and in support of their motion for summary judgment, defendants Aqua-Terra and Deslauriers asserted that they did not agree to pay for R & J Marine's independent use of the crane outside of Oak Harbor. Defendants argued that R & J Marine was not a party to the contract because it did not execute the agreement. Thus, the defendants

maintain that they cannot be held responsible for payment of R & J Marine's crane usage. Defendants also argued that the contract should be rescinded for lack of mutual consent on the issue of payment for R & J Marine's independent use of the crane. Defendants noted that the plaintiff's interpretation of the contract would lead to the absurd consequence of R & J Marine's unlimited independent use of the crane where Aqua-Terra had no involvement.

Defendants argued that the record does not support the plaintiff's allegations of a joint venture between Aqua-Terra and R & J Marine or Mutton's apparent authority to move the crane from Oak Harbor. Defendants argued that Mutton's representations to the plaintiff cannot establish an implied agency relationship between Mutton and Aqua-Terra. Defendants further noted that the plaintiff presumed an agency relationship and made no effort to confirm with the defendants that Mutton had authority to move the crane.

Alternatively, the defendants argued that a partial summary judgment should be granted in their favor absolving them of payment for any rental fees accrued after October 8, 2005. Defendants asserted that they did not discover the crane had been transferred to other job sites at the direction of Mutton until October 8, 2005. At that time, they informed the plaintiff that they were not involved in the operations in Biloxi or Venice and would not pay for charges for crane services outside of Oak Harbor. Defendants

4

asserted that they cannot be responsible for such charges after the time of notification because they had no control over the crane once it left Slidell.

## Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.

1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In the original petition, the plaintiff have alleged a breach of contract claim. Because this is a diversity action regarding the interpretation of a contract which expressly states that the agreement is to take effect in Louisiana, and is to be governed and controlled by Louisiana law,[6] Louisiana substantive law controls. The principles of contract interpretation provided in the Louisiana Civil Code are well-established. Four elements are necessary to confect a valid contract: (1) the capacity to contract; (2) mutual consent; (3) an object; and (4) a lawful purpose. *Ingraffia v. NME Hospitals, Inc.,* 943 F.2d 561, 565 (5th Cir. 1991), *citing*, La.Civ.Code arts. 1918, 1927, 1966, 1971, 2029 cmt. b.

Interpretation of a contract is the determination of the intent of the parties. La.Civ.Code art. 2045. Except for technical terms, the words of a contract must be given their generally prevailing meaning. La.Civ.Code art. 2047. Each provision must be read in light of the others so that each is given the meaning suggested by the contract as a whole. La.Civ.Code art. 2050. If the words of a contract are clear and explicit and lead

---

[6] Record document number 45, plaintiff's exhibit 1, Master Purchase Order Agreement, concluding paragraph.

6

to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. La.Civ.Code art. 2046. Louisiana law bars parol evidence to evaluate unambiguous contractual intent. *Condrey v. SunTrust Bank of Georgia,* 429 F.3d 556, 563 (5th Cir. 2005), *citing*, La.Civ.Code art. 2046.

If not otherwise resolvable, doubts or ambiguities as to the meaning of a contract are construed against the party who prepared it. *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 439 (5th Cir. 2002), citing, La.Civ.Code art. 2056. Parol evidence is admissible when the written agreement is manifestly incomplete and is not intended to constitute the entire agreement between the parties. *Id.*, *citing*, *United Investors Life Ins. Co. v. Alexander*, 662 So.2d 831, 833 (La.App. 2nd Cir. 1995); *Edwards v. State of Louisiana Through the Dep't of Corrections*, 244 So.2d 69, 72 (La. App. 1st Cir. 1971).

Under Louisiana law, a party may be held responsible for the acts of its purported agent when the principal has endowed its agent with actual authority, express or implied, to carry out its wishes. *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983). An agency relationship based on express actual authority is created by an oral or written agreement between the principal and agent. *Houston Exploration Co. V. Halliburton Energy Services, Inc.*, 359 F.3d 777, 780 (5th Cir. 2004). Implied

7

agency exist when the principal has the right to control the conduct of the agent, and the agent has the right and authority to represent or bind the principal. *Id.*, *citing*, *Craft v. Trahan*, 351 So.2d 277, 291 (La.App. 4th Cir. 1977).

"Apparent authority is a judicially created concept of estoppel which operates in favor of a third party [] seeking to bind a principal [] for the unauthorized act of an apparent agent." *Crist v. Dickson Welding, Inc.*, 957 F.2d 1281 (5th Cir. 1992), *citing*, *Boulos v. Morrison*, 503 So.2d 1, 3 (La. 1987). The burden of proving apparent authority is on the party seeking to bind the principal. *Ledet v. Fleetwood Enterprises, Inc.*, 2000 WL 1910173, 6 (5th Cir. 2000)*, citing*, *Barrilleaux v. Franklin Found. Hospital*, 96-0343 (La.App. 1 Cir. 11/8/92) 683 So.2d 348, 354. The doctrine of apparent authority applies when, (1) the principal acts to manifest the alleged agent's authority to an innocent third party and (2) the third party reasonably relies on the manifested authority of the agent. *Id*. at 5-6, *citing*, *Boulos*, 503 So.2d at 3. "A third party may not blindly rely on the assertions of an agent, but has a duty to determine, at his peril, whether the agency purported granted by the principal permits the proposed act by the agent." *Id*. at 6, *citing, Barrilleaux*, 683 So.2d at 354.

### Analysis

Neither the plaintiff nor the defendants have established the absence of a genuine dispute as to whether the defendants are

8

responsible for payment of the outstanding balance due for the rental of the crane from September 16, 2005 to October 22, 2005. The undisputed facts show that R & J Marine is named as a lessee in the initial paragraph of the agreement, but only Aqua-Terra's representative, Deslauriers, signed the agreement. It cannot be determined from the summary judgment record whether Deslauriers had the actual or apparent authority to bind R & J Marine to the agreement. Plaintiff failed to provide sufficient evidence to show that at the time the agreement was executed, R & J Marine either 1) granted permission to Deslauriers or Aqua-Terra to act as its agent or 2) acted in a manner towards the plaintiff to manifest such authority.

Deslauriers testified is his deposition that Aqua-Terra and R & J Marine entered into an oral agreement to work together in a marine salvage project at Oak Harbor.[7] Deslauriers also testified that he signed the agreement on R & J Marine's behalf.[8] However, neither of these statements are sufficient to demonstrate an agency relationship. Two companies working together on a project does not necessarily or automatically create a legal partnership or joint venture on which an agency relationship can be based. Moreover, a trier of fact reviewing Deslauriers' testimony, read in its context, could reasonably find that the statements cited by the

---

[7] Record document number 45, Deslauriers deposition, p. 8.

[8] *Id.* at 7.

9

plaintiff are too ambiguous to be considered an admission of agency status.

Because the record does not show there is no genuine dispute as to Aqua-Terra's authority to bind R & J Marine to the agreement, summary judgment on the issue of R & J Marine's status as a party to the agreement is improper.

A genuine issue of material fact also exists with respect to the issue of Mutton's apparent authority to move of the crane. Even if Mutton was present at the Oak Harbor work site and gave directions to the crane operator, this is not sufficient to demonstrate his apparent authority to also redirect the crane to another work site. Plaintiff's reliance on *Marchese v. Secretary, United States Department of the Interior*[9] is misplaced, since the facts in the case are readily distinguishable and the case was decided based on federal common law.

Plaintiff also noted that the defendants did not provide notification of the split of two companies after the Oak Harbor project. However, even if true, this fact is no material since the plaintiff has not established that an agency relationship existed between Mutton and Aqua-Terra.

Regarding the defendants' summary judgment arguments on this issue, they essentially relied on their own conclusory assertions. Plaintiff has shown that his employees believed Mutton had

---

[9] 409 F.Supp.2d 763 (E.D. La. Jan. 1, 2006).

10

authority under the contract and received a substantial amount of instruction from him at the Oak Harbor work site.[10] Such evidence creates the a reasonable basis for a finder of fact to conclude that Mutton had at least some apparent authority to act for the lessees. Accordingly, neither the plaintiff nor the defendants have satisfied their summary judgment burden on the issue of Mutton's apparent authority.

Both parties have also failed to establish Deslauriers' liability under the guarantor clause contained in the lease agreement. The first paragraph of the contract states that both Aqua-Terra and R & J Marine were to be referred to as "Lessee." This term is used consistently throughout the contract, until the first line of the guarantor clause which specifically states that a guarantor was required to extend credit to "LESSEE, AQUA-TERRA." The last line of this clause states that the guarantor, Deslauriers, is liable in the event of default at any time by "LESSEE." Based on these facts, the term "LESSEE" contained in the last line may be interpreted to refer to Aqua-Terra alone or to both companies. This ambiguity creates a material issue of fact regarding whose obligations Deslauriers guaranteed.

Finally, the defendants requested partial summary judgment on the issue of their liability for payment of the crane rental fees

---

[10] Record document number 47, Rule 56.1 - List of No Genuine Issue of Material Facts, attached Affidavits of Regina Landry, Mark Ledoux, and Kenny Glover.

after October 8, 2005.  Because a material issues of fact still remains with respect to Mutton's apparent authority to act for defendant Aqua-Terra and Deslauriers' liability as a guarantor under the lease agreement, it is not appropriate to resolve on the defendants' motion for summary judgment whether they are liable for payment of the crane rental fees after October 8, 2005.

### Recommendation

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by plaintiff Camille Landry, d/b/a Deep South Crane and Rigging Company be denied.  It is also the recommendation of the magistrate judge that the Motion for Judgment or, Alternatively, Motion for Partial Summary Judgment of Defendants filed by Aqua-Terra Construction and Engineering Systems, Inc. and Dan Deslauriers be denied.

Baton Rouge, Louisiana, January 29, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE